| Knox County | **STATE OF TENNESSEE CIVIL SUMMONS** page 1 of 1 | Case Number 2-300-17 |
|---|---|---|
| Jeff Sandlin | Vs. The Brogdon Group, Inc | |

FILED
2017 AUG 18 AM 9:23
KNOX COUNTY CIRCUIT COURT
CATHERINE

Served On: 1500 Resource Drive, Birmingham, AL 35242
The Brogdon Group, Inc.

You are hereby summoned to defend a civil action filed against you in __Circuit__ Court, __Knox__ County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 8/18/17

Catherine Shanks By: BCC (D.C.)
Clerk / Deputy Clerk

Attorney for Plaintiff: Jesse D. Nelson, Nelson Law Group
10263 Kingston Pike, Knoxville, TN 37922

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____ By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____
Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff | Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

ADA: If you need assistance or accommodations because _____, ADA Coordinator, at ( ) _____.

EXHIBIT A

Rev. 03/11

IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFREY SANDLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2-300-17 |
| ) | |
| THE BROGDON GROUP, INC., ) | JURY DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Comes now the Plaintiff, Jeffrey Sandlin, by and through counsel, and sues Defendant The Brogdon Group, Inc., as follows

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Knoxville, Knox County, Tennessee.

2. Defendant is a foreign corporation with its principal place of business located in Birmingham, Alabama.

3. This matter arises under the Americans with Disabilities Act ("ADA), 42 U.S.C. § 12112, *et seq*.

4. Defendant Brogdon, via written communication, extended an employment offer to Mr. Sandlin at his home in Knoxville, and he accepted the offer there. Additionally, Mr. Sandlin completed all pre-employment paperwork in Tennessee, and Defendant Brogdon considered Mr. Sandlin's Knoxville residence to be his base of operations such that Brogdon would reimburse travel expenses based on distance from his Knoxville home. As further discussed herein, Defendant Brogdon and/or its agent administered Mr. Sandlin's workers' compensation benefits

1

pursuant to Tennessee law, and paid Tennessee unemployment compensation premiums based on Plaintiff's wages. Thus, the Court has personal and subject-matter jurisdiction over Brogdon and this matter pursuant to, *inter alia*, Tenn. Code Ann. § 16-10-101, and venue appropriately lies in this judicial district pursuant to Tenn. Code Ann. § 20-4-101.

5. Mr. Sandlin timely filed a charge with the EEOC and received a Notice of Rights.

## FACTS

6. Mr. Sandlin began working for Defendant in January 2013. His primary job duties consisted of inventorying facilities owned by AT&T in states throughout the country, including Tennessee.

7. On or about March 24, 2015 Mr. Sandlin was inventorying an AT&T facility in Florida when he fell off an un-fenced dock area, seriously injuring his right knee.

8. Mr. Sandlin applied for workers' compensation benefits, which were administered pursuant to the Tennessee Workers' Compensation Law.

9. Beginning on the date of his injury and continuing for approximately one year, Mr. Sandlin suffered from an actual disability; specifically, the injury to his right leg and the corresponding surgery substantially interfered with his ability to, among other major life activities, walk, lift, stand, and squat.

10. In approximately March 2016 Mr. Sandlin had recovered from his injury enough that while he still had physical restrictions and was substantially limited in certain activities of daily living, he was capable of performing the essential functions of his job as an inventorying employee for Defendant Brogdon.

2

11. However, whenever Mr. Sandlin inquired about returning to work, Defendant told him he was not allowed to return until his doctor released him without any restrictions whatsoever. Accordingly, Brogdon would not allow him to return to work.

12. In June 2016 Mr. Sandlin's doctor notified him that he was released to work without restrictions and in the near future the doctor would submit the return-to-work paperwork to Brogdon's insurance carrier.

13. When on July 14 Mr. Sandlin inquired of the workers' compensation adjuster about whether it and Brogdon had received the return-to-work notice and when he could resume work, the adjuster said she had not received the doctor's note. Mr. Sandlin called his doctor's office and asked them to resend the note, which they faxed to the adjuster the same day (i.e. July 14).

14. At approximately 5:00 p.m. that very day, Brogdon's HR manager Jim Shannon called Mr. Sandlin at his home in Knoxville and fired him. Mr. Sandlin asked for an explanation to which Mr. Shannon replied that since both Tennessee and Alabama were employment-at-will states, Brogdon owed Mr. Sandlin no explanation for firing him.

## CAUSE OF ACTION

### Violation of the Americans with Disabilities Act ("ADA")

15. The averments of paragraphs 6 through 14 are incorporated into this section by reference.

16. From March 24, 2015 until approximately a year later, Mr. Sandlin was disabled due to his substantial limitations in standing, walking, kneeling, squatting, and lifting. Also from March 24, 2015 onward, Mr. Sandlin had a record with Defendant Brogdon of being disabled because Brogdon knew of his injury, surgery, restrictions, and limitations. Even after the point

3

at which Mr. Sandlin was no longer substantially limited in his activities of daily living, Defendant Brogdon regarded him as disabled by not letting him return to work. Therefore, Mr. Sandlin asserts that he meets all three prongs of the ADA in that he was actually disabled, has a record of being disabled, and that Brogdon regarded him as disabled.

17. Defendant Brogdon expressly told Sandlin he could not return to work until he had no physical restrictions; however, during much of his recovery, Sandlin could have performed the essential functions of his job. At most he might have needed an accommodation consisting of being allowed to sit/stand intermittently and to avoid lifting heavy items.

18. He told Brogdon of his temporary medical restrictions and limitations, as well as his ability to perform the job duties he had been performing prior to the injury. Yet without engaging in the interactive process, discussing possible accommodations, or affording any weight to Mr. Sandlin's assertion that he was capable of returning to work, Brogdon refused to allow him to return until deemed fully healed by his doctor.

19. Regardless, by the time he attempted to return in July 2016, he required no accommodation to be able to perform the job's essential functions.

20. Upon receiving confirmation that Mr. Sandlin was medically released to return to work, Defendant Brogdon summarily fired him. Brogdon refused to give any explanation for its action.

21. Defendant Brogdon violated the ADA by failing to engage in the interactive process during the period of his actual disability and/or during the period he had a record of being disabled; failing to accommodate him during this same period; and firing him once he was released at full duty.

22. The sole or but-for cause of Defendant Brogdon's adverse actions toward Mr. Sandlin was his actual disability, his record of being disabled, and/or because it perceived him as being disabled, in violation of the ADA.

### DAMAGES

23. As a direct and proximate result of Defendant's violations of law, Mr. Sandlin has suffered and continues to suffer substantial monetary losses and damages, including without limitation, lost wages and benefits (past and future), loss of earning capacity, loss of personal reputation and dignity, mental anguish, humiliation, loss of enjoyment of life, and attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey Sandlin respectfully prays for the following relief:

24. That a jury decide all disputes of fact;

25. A judgment against Defendant arising from its violations of the ADA;

26. An award of monetary damages consisting of but not limited to all lost wages and benefits—past, present, and future—job-search related expenses, relocation/travel expenses, and prejudgment interest;

27. An award of non-pecuniary damages for mental anguish, humiliation, loss of reputation, loss of dignity, and the emotional pain Defendant's actions caused him;

28. Punitive damages in the maximum amount allowed by law;

29. Equitable relief consisting of reinstatement or front pay;

30. Reasonable attorneys' fees, expert witness fees, and costs; and

5

31. An award of such other legal and equitable relief as may be appropriate under the facts of this case, for a total judgment not to exceed $750,000.00.

RESPECTFULLY SUBMITTED,

_____
JESSE D. NELSON (BPR # 025602)
KAYLA L. TOWE (BPR # 033592)
LAW OFFICE OF JESSE D. NELSON, PLLC
*Attorneys for Plaintiff Jeffrey Sandlin*
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@NLGattorneys.com
kayla@NLGattorneys.com

## COST BOND

Nelson Law Group, PLLC, acknowledges itself Surety for the Principal, Jeff Sandlin, and agrees to be bound to the Circuit Court Clerk of Knox County, Tennessee, for the payment of all costs awarded against the Principal in this action. To that end it binds itself, its heirs, executors and administrators pursuant to Tenn. Code Ann. section 20-12-120.

_____
JESSE D. NELSON, MEMBER

6